UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA, |
            Plaintiff, |
    v. |
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, |
CARGILL, INC., | Civil Action No. 3:18-cv-00054
FLOWSERVE CORPORATION, |
KELSEY-HAYES COMPANY, |
NCR CORPORATION, |
NORTHROP GRUMMAN SYSTEMS CORPORATION, and |
WASTE MANAGEMENT OF OHIO, INC. |
            Defendants. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 106, 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a) and 9613(g)(2). The United States seeks to recover certain unreimbursed costs incurred and to be incurred for response activities related to the release and threatened release of hazardous substances from facilities at and near the North Sanitary (aka "Valleycrest") Landfill Superfund Site in Dayton, Ohio ("Site"). The United States also seeks injunctive relief requiring that Defendants perform the selected remedy at the

Site, which requires the installation of a composite barrier system over a portion of the Site and the implementation of other measures to address risks posed by contaminated soils, leachate and landfill gas. Finally, the United States seeks a judgment on liability for Site response costs that will be binding on any subsequent action or actions to recover further Site response costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and under 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and under 28 U.S.C. § 1391(b) and (c). A substantial part of the events giving rise to the claims asserted herein occurred within this district because (i) the Site is located within this district, (ii) threatened and actual releases of hazardous substances occurred within this district, and (iii) the costs that the United States seeks to recover herein relate to response actions undertaken by the United States at or in connection with the Site.

## GENERAL ALLEGATIONS

A) The Site

4. The Site occupies approximately 104 acres and consists of five former sand and gravel quarries where industrial and municipal wastes were dumped from 1966 to 1989. The industrial wastes include volatile organic compounds ("VOCs"), heavy metals, polychlorinated biphenyls ("PCBs"), and other "hazardous substances" within the meaning Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

5. The Site is located in a mixed urban, commercial, industrial, and residential area and is directly over the Great Miami Buried Valley Aquifer – a federally designated sole-source

aquifer that provides drinking water for approximately 47,000 people in the Greater Dayton area. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9)

6. EPA has determined that actual and threatened releases of hazardous substances to and from soil and groundwater at the Site, as well as actual and threatened releases of hazardous substances from the Site to the air, pose a substantial risk to human health and welfare.

7. In response to those actual and threatened releases, EPA has incurred, and will continue to incur, response costs that are not inconsistent with the National Contingency Plan ("NCP"), promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and as set forth at 40 C.F.R. Part 300.

8. EPA selected a final remedial action for the Site in a record of decision ("ROD") on August 18, 2013. The ROD requires, among other things, the installation of a landfill cap over a large portion of the Site and the extraction and treatment of leachate and contaminated groundwater. Flammable gases, such as methane, trapped in the soils at the Site will be addressed through a landfill gas collection and abatement system. EPA estimates the net present value cost of the remedial action to be approximately $35.5 million.

B) <u>The Defendants</u>

9. Each of the Defendants is a "person," within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. Defendant Waste Management of Ohio, Inc. ("WM Ohio") is the corporate successor to a common set of corporate predecessors, including North Sanitary Landfill, Inc. ("NSLI") and Industrial Waste Disposal Co, Inc. ("IWDC"). NSLI and IWDC owned or operated the Site at the time of disposal of hazardous substances and, in the case of IWDC, also

accepted and transported hazardous substances to the Site for disposal. As a result, WM Ohio is liable in this action under Sections 107(a)(2) and (a)(4) of CERCLA, 42 U.S.C. §§ 9607(a)(2) and (a)(4).

11. Defendant Bridgestone Americas Tires Operations, LLC ("Bridgestone") is the corporate successor to Firestone Tire & Rubber Company ("Firestone"). Firestone, in turn, was the corporate successor to The Dayton Tire & Rubber Company, which owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transport of such substances to the Site for disposal. As a result, Bridgestone is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

12. Defendant Cargill, Inc. ("Cargill") owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transport of such substances to the Site for disposal. As a result, Cargill is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

13. Defendant Flowserve Corporation ("Flowserve") is the corporate successor to Duriron Company, Inc., which owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transport of such substances to the Site for disposal. As a result, Flowserve is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

14. Defendant Kelsey-Hayes Company ("Kelsey-Hayes") – a wholly-owned subsidiary of ZF TRW Automotive Holdings Corporation – is corporate successor to Dayton Walther Corporation, which owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for

the transport of such substances to the Site for disposal. As a result, Kelsey-Hayes is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

15. Defendant NCR Corporation ("NCR") owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transport of such substances to the Site for disposal. As a result, NCR is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

16. Defendant Northrop Grumman Systems Corporation ("Northrop Grumman") is successor to relevant liabilities of TRW Globe Motors, which was formerly known as Globe Industries ("Globe"). Globe owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transport of such substances to the Site for disposal. As a result, Northrop Grumman is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

## FIRST CLAIM FOR RELIEF
### Cost Recovery under CERCLA Section 107

17. Paragraphs 1 through 16, above, are re-alleged and incorporated herein by reference.

18. Each of the Defendants is jointly and severally liable to the United States for all unreimbursed response costs incurred by the United States in connection with the Site pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A).

## SECOND CLAIM FOR RELIEF
### Claim for Relief under Injunctive Relief under Section 106

19. Paragraphs 1 through 16, above, are re-alleged and incorporated herein by reference.

20. Each of the Defendants is jointly and severally liable to the United States under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), for injunctive relief to abate the danger or threat presented by releases or threatened release of hazardous substances into the environment at and from the Site.

### THIRD CLAIM FOR RELIEF
### Declaratory Judgment for Recovery of Further Response Costs

21. Paragraphs 1 through 16, above, are re-alleged and incorporated herein by reference

22. Each of the Defendants is jointly and severally liable to the United States for any unreimbursed response costs that the United States further incurs in connection with contamination at the Site, not inconsistent with the NCP, pursuant to Sections 107(a) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that this Court

A. Enter judgment against the above-named Defendants, jointly and severally, for all response costs incurred by the United States, including prejudgment interest, in connection with the Site;

B. Enter a judgment against each Defendant for injunctive relief to abate conditions at the Site that may pose an imminent and substantial endangerment to the public health or welfare or the environment;

C. Enter a declaratory judgment of liability against each Defendant for any unreimbursed response costs, not inconsistent with the NCP, that the United States may further incur in connection with the Site;

6

      D.      Grant such other relief as the Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES

THOMAS A. MARIANI, JR.
Section Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

 *s/ Joseph W.C. Warren*
JOSEPH W.C. WARREN
Senior Counsel, Environmental Enforcement Section
KRISTIN FURRIE
Trial Attorney
Environment and Natural Resources Division
Department of Justice
P.O. Box 7611
Washington, D.C.  20530
Furrie: (202) 616-6515
Kristin.Furrie@usdoj.gov
Warren:  (202) 616-1303
Joseph.Warren@usdoj.gov

BENJAMIN C. GLASSMAN
United States Attorney
Southern District of Ohio

KEVIN KOLLER
Assistant U.S. Attorney
Southern District of Ohio
Federal Building, Suite 602
200 W. Second Street
Dayton, OH 45400
(937) 225-2910

OF COUNSEL

NICOLE WOOD-CHI
Associate Regional Counsel
U.S. Environmental Protection Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604-3507

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES

## DEFENDANTS
Bridgestone Americas Tire Operations, LLC; Cargill, Inc.; Flowserve Corporation; Kelsey-Hayes Company; NCR Corporation; Northrop Grumman Systems Corporation, and Waste Management of Ohio, Inc

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
see attached

Attorneys *(If Known)*
see attached

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | [X] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA),

Brief description of cause:
Action under CERCLA, 42 U.S.C. §§ 9606 and 9607, seeking response costs and performance of response action.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** _____
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ATTACHMENT TO CIVIL COVER SHEET**
List of Counsel in
*United States v. Bridgestone Americas Tire Operations, LLC, et al.* (S.D. of Ohio)

For the United States:

Joseph Warren
Kristin Furrie
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
202-616-1303

Kevin Koller
Assistant U.S. Attorney
Southern District of Ohio
Federal Building, Suite 602
200 W. Second Street
Dayton, OH 45400
937-225-2910

For the Defendants

Seven N. Siegel
Dinsmore & Shohl LLp
255 East 5th Street
Suite 1900
Cincinnati, OH 45202

Christopher Murphy
NCR Corporation
3097 Satellite Boulevard
Duluth, Georgia  20096

Scott Blackhurst
Senior Counsel – Health, Safety and Environment
ZF TRW
Active & Passive Safety Technology
12001 Tech Center Drive
Livonia, Michigan  48150

Cargill Law
Starches and Sweeteners Environmental Counsel
15407 McGinty Road West MS24
Wayzata, MN  55391